1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ARCZAR LLC and GEOVECTOR
CORPORATION,

                              Plaintiffs,

        v.

NINTENDO OF AMERICA INC.,

                              Defendant.

Case No. 3:13-cv-02672-WHO

**STIPULATED PROTECTIVE ORDER**

Ctrm:  E, 17th Floor
Judge:  Honorable William H. Orrick

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs Arczar LLC and Geovector Corporation (collectively "Plaintiffs') and Defendant Nintendo of America Inc. ("Nintendo") hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in paragraph 15 below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

        **1. Right to Designate.**  Any party to this Action and any non-party from whom discovery is sought in connection with this Action who agrees to be bound by the procedures of this Protective Order ("the Designator") may designate any "Protected Information" produced by such party as "Confidential," "Highly Confidential," or "Highly Confidential – Source Code."

(a) "Protected Information" is defined herein as any information, document, testimony, thing, source code, object code, data, file, or other material that constitutes or contains proprietary, confidential, business, financial, commercial, or technical information, the disclosure of which is likely to cause harm to the competitive position of the party making the designation, or that constitutes, reflects, or concerns trade secrets, know-how, or proprietary data.

(b) "Recipient" as used herein refers to any party, or any non-party that agrees to be bound by executing an undertaking in the form of Exhibit A, who receives Protected Information designated pursuant to this Protective Order.

(c) Protected Information shall not include information or material that: (i) was, is, or becomes public knowledge in a manner other than by violation of this Protective Order or other fault of the Recipient; (ii) is acquired by the Recipient from a non-party not owing a duty of confidentiality to the Designator; (iii) before receipt from the Designator, was lawfully possessed by the Recipient without a duty of confidentiality to the Designator; (iv) is disclosed by the Designator to a third party not owing a duty of confidentiality to the Designator; or (v) was independently developed by the Recipient.

2. **Confidential Designation.**  By designating material "Confidential," "Highly Confidential," or "Highly Confidential – Source Code," the Designator is representing that it believes in good faith that the designated material is entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Designations of "Confidential," "Highly Confidential," and "Highly Confidential – Source Code" under this Protective Order shall apply to the Protected Information so designated, all copies, extracts, compilations, and summaries thereof, and any information contained therein.

(a) "Confidential" material includes any Protected Information that constitutes or contains proprietary, confidential, or commercially sensitive information.

(b) "Highly Confidential" material includes any Protected Information (a) that constitutes, contains, or concerns trade secrets, know-how, or proprietary data, technical information (such as design specifications, flow charts, block diagrams, schematics, etc.), business plans, strategies, financial information, marketing information, or other non-technical business information; and (b) the disclosure of which is likely to cause harm to the competitive position of the party making the designation.

(c) "Highly Confidential – Source Code" material includes any documents comprising or including computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs that would otherwise qualify as "Highly Confidential" material as set forth in paragraph 2(b).

**3. Limitations on Use of Protected Information.**  No Recipient of Protected Information shall use such information for any purpose other than in connection with this Action or any appeals deriving therefrom.  Such Protected Information shall be maintained in confidence by the Recipient and shall not be disclosed to anyone except as provided herein, by further written agreement of the parties, or by further order of the court.

**4. Disclosure of "Confidential" Protected Information.**  Protected Information designated "Confidential" shall not be disclosed or otherwise communicated to any person except:

(a)  Outside Counsel of record for the parties.  As used herein, "Outside Counsel" shall mean attorneys (and their clerical support staff) who are not employees of a party but are retained to represent or advise a party and have appeared in this Action on behalf of that party or are affiliated with a law firm that has so appeared.

(b)  The officers, directors, and employees (including House Counsel) of the Recipient to whom disclosure is reasonably necessary for this litigation and who have executed an undertaking in the form of Exhibit A.  As used herein, "House Counsel" shall mean attorneys who are employees of the Recipient.

(c)  Testifying experts, non-testifying experts, consultants, and/or consulting firms (and their clerical support staff) for each of the parties, specifically engaged by counsel or the parties to assist in this Action, who have been properly designated in accordance with paragraph 5 and have executed an undertaking in the form of Exhibit A.

(d)  Vendors retained by a party or by Outside Counsel, including without limitation: graphics or design services retained for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings; copy services, companies that digitize documents, and other similar document management vendors; jury research or trial consulting services.  Any such vendors shall

first execute an undertaking in the form of Exhibit A.  Such agreement may be signed by an authorized

agent on behalf of a vendor that is an entity; it need not be signed by each employee of a vendor

performing services.

(e)  Translators of foreign language documents retained to provide translations of any

Protected Information, who are not employees of any of the parties and who have executed an undertaking

in the form of Exhibit A.

(f)  Mediators, retained by the parties or assigned by the court, who have executed an

undertaking in the form of Exhibit A.

(g)  Mock jurors, retained by the parties or vendors thereof, who have executed an

undertaking in the form of Exhibit A.

(h)  Any person employed by the Designator of the Protected Information being examined

as a witness during a deposition or at trial to whom disclosure is reasonably necessary.  Any such person

must have first executed an undertaking in the form of Exhibit A.

(i) The author, actual recipient, or intended recipient (as identified in the Protected

Information) of the Protected Information.

(j)  The court and its personnel, pursuant to paragraph 15,  jurors, and any court officers,

court stenographers, and outside copy services used by the court whose function requires them to have

access to Protected Information.

(k)  Any other person upon order of the court.

(l)  Any other person upon written consent of the Designator.

**5. Designation of Consultants for Disclosure of Protected Information.**  Any Recipient may

designate a reasonable number of retained expert consultants (either testifying or non-testifying)

("Consultants") to have access to Protected Information under this Protective Order, if the consultants: (i)

are neither employees of a party nor anticipated to become employees of a party in the near future, (ii) are

engaged by or on behalf of a party as bona fide consultants or experts for purposes of this Action, and (iii)

have executed an undertaking in the form of Exhibit A.  The following procedures shall govern the

designation of Consultants under this Protective Order:

(a)  The party seeking to designate a Consultant shall first make a written request to the Designator that includes: (i) sufficient information to fully identify the Consultant; (ii) a current résumé or curriculum vitae of the Consultant, if available; and (iii) identification of all consulting engagements for or adverse to either the Designator or the Recipient.

(b)  A party that makes a request to designate a Consultant and provides the information specified in the preceding subparagraph may disclose Protected Information to the identified Consultant unless, within fourteen (14) days of delivering the request, the party receives a written objection from the Designator setting forth in detail the grounds on which it is based.  The Designator may object in good faith to the proposed Consultant if facts available to that party show that there is a reasonable likelihood that the proposed Consultant will use or disclose Protected Information for purposes other than those permitted by this Protective Order, or if the Consultant states that he or she is unable to disclose information concerning other consulting engagements due to a non-disclosure agreement.

(c)  A party that receives a timely written objection must meet and confer with the Designator (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the objecting Designator may seek a ruling from the court and shall bear the burden of showing why disclosure should not be permitted.  Failure to seek such relief from the court within twenty-one (21) days of the initial written objection shall be deemed a withdrawal of the objection.  If such relief is sought, the proposed Consultant shall not have access to Protected Information pending a ruling by the court, unless such access has been previously approved.

**6. Disclosure of "Highly Confidential" Protected Information.**  Protected Information designated "Highly Confidential" shall not be disclosed or otherwise communicated to any person except to those identified in paragraphs 4(a), 4(c)–(l), and to House Counsel properly designated in accordance with paragraph 7.  Notwithstanding the foregoing, Outside Counsel may generally summarize the significance of "Highly Confidential" Protected Information and provide advice to their clients based upon information so designated.

**7. Designation of House Counsel for Disclosure of "Highly Confidential" Information.**  Protected Information designated "Highly Confidential" may be disclosed to designated House Counsel who (i) have no involvement in competitive decision-making, (ii) to whom disclosure is reasonably

necessary for this litigation, (iii) are current members of a state bar, and (iv) have executed an undertaking in the form of Exhibit A.  The following procedures shall govern the designation of House Counsel for disclosure of "Highly Confidential" Protected Information under this Protective Order:

(a)  The party seeking to designate House Counsel for disclosure of "Highly Confidential" Protected Information shall first make a written request to the Designator that (i) sets forth the full name of House Counsel to be designated and the city and state of his or her residence and (ii) describes the House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if they are involved, or may become involved, in any competitive decision-making.

(b)  A party that makes a request to designate House Counsel and provides the information specified in the preceding subparagraph may disclose "Highly Confidential" Protected Information to the identified House Counsel unless, within fourteen (14) days of delivering the request, the party receives a written objection from the Designator.  Any such objection must set forth in detail the grounds on which it is based.

(c)  A party that receives a timely written objection must meet and confer with the Designator (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) days of the written objection.  If no agreement is reached, the party seeking to designate House Counsel may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the proposed House Counsel is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designator for its refusal to approve the disclosure.  In any such proceeding, the Designator shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the party seeking designation's need to disclose "Highly Confidential" Protected Information to its proposed House Counsel.  Pending a ruling by the court, the proposed House Counsel

shall not have access to "Highly Confidential" Protected Information, unless such access has been previously approved.

**8. Protections for "Highly Confidential – Source Code" Protected Information.**  Protected Information designated "Highly Confidential – Source Code" shall not be disclosed, made available, or otherwise communicated to any person except to those identified in paragraphs 4(a), 4(c), 4(h)–(l), and to House Counsel properly designated in accordance with paragraph 7.  The following additional procedures shall apply to the review and production of "Highly Confidential – Source Code" Protected Information under this Protective Order:

(a)  Any Designator producing "Highly Confidential – Source Code" Protected Information will make such source code available for inspection at the law offices of the parties' Outside Counsel in Dallas, Texas, or at another location mutually agreeable to counsel for the parties.

(b)  Source code inspection may be conducted during normal business hours: 9:00am to 5:00pm local time, Monday through Friday (excluding holidays).  The Recipient's Outside Counsel must give forty-eight (48) hours' notice to the Designator's Outside Counsel that it will be sending an authorized individual under paragraph 5 to inspect the "Highly Confidential – Source Code" Protected Information.  Absent further written agreement by the Parties, a party may designate no more than three (3) individuals to inspect "Highly Confidential – Source Code" Protected Information.

(c)  Any source code produced in discovery shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured room (the "Source Code Review Room") without Internet access or network access to other computers.  The source code shall be made available in a format allowing it to be reasonably reviewed and searched.  The Recipient may request that specific commercially available software tools be installed on the Source Code Computer provided that (i) the Recipient possesses an appropriate license to the requested software, (ii) the Recipient provides a copy of the requested software and license information at least seven (7) days in advance of the anticipated date of inspection, (iii) the requested software tools are reasonably necessary for the Recipient's inspector to review the source code consistent with all of the protections herein, and (iv) the Recipient reimburses the Designator for the actual fees reasonably charged by the Designator's Outside Counsel to load the requested tools.  The Recipient shall not at any time use any compilers, interpreters, or simulators in

connection with the Source Code Computer, and in no event shall the Recipient be permitted to install additional software applications that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any source code from the Source Code Computer.

(d) No recordable media or recording devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Recipient's inspector shall not copy, remove, or otherwise transfer any portion of the source code from the Source Code Computer. The Recipient's inspector may take written notes, but may not copy portions of source code into such notes. The Recipient's inspector may not take notes on the Source Code Computer or any other electronic device. The Designator may visually monitor the activities of the Recipient's reviewer during any source code review to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(e) The Recipient may request paper copies of limited portions of source code needed as exhibits for court filings, expert reports, deposition, or trial. The Designator shall provide such source code in paper form, including bates numbers and the label "Highly Confidential – Source Code." The Recipient shall not request paper copies for the purpose of reviewing the source code outside of the procedures set forth in the preceding subparagraphs. The Recipient's requests for paper copies shall be presumptively limited to no more than 30 pages of consecutive source code and 100 pages of source code overall. The Designator may challenge the amount of source code requested in hard copy form, after which the parties should meet and confer to resolve the issue. If the dispute is not thereby resolved, the Recipient may apply to the court for relief and shall bear the burden of proving that the source code requested in paper form is reasonably needed as exhibits for court filings, expert reports, deposition, or trial.

(f) The Recipient must maintain a record of each individual who has inspected or reviewed any portion of the source code in electronic or paper form.

(g) Any and all "Highly Confidential – Source Code" Protected Information shall remain in the sole custody and control of the Recipient's Outside Counsel of record in the United States ("Source Code Custodian"). Such information shall be stored and viewed only at: (i) the United States offices of the Source Code Custodian; (ii) the sites of any source-code–related depositions on the dates those depositions

are taken; (iii) the court; or (iv) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition).  Any and all "Highly Confidential – Source Code" Protected Information shall be maintained in a secured, locked area.

(h) The Recipient shall not create any electronic or other images of the paper copies and shall not convert any of the information contained therein into any electronic format.  The Recipient shall make up to four (4) additional paper copies of "Highly Confidential – Source Code" Protected Information, if such copies are needed as exhibits for court filings, expert reports, deposition, or trial.  If the Recipient reasonably believes that more paper copies are necessary, the Recipient and the Designator shall negotiate in good faith to permit such additional copies.

(i) The Source Code Custodian must keep a log of each paper copy of "Highly Confidential – Source Code" Protected Information, or any portion thereof, including the date the paper copy was created, the purpose of the copy, the location of the copy, to whom (if anyone) the copy was provided, and when (if at all) the copy was so provided.  At the conclusion of the litigation, the Source Code Custodian must produce the log and all paper copies of the Designator's "Highly Confidential – Source Code" Protected Information to the Designator's Outside Counsel, and any persons to whom the paper copies of the "Highly Confidential – Source Code" Protected Information were provided must certify in writing that all copies of the "Highly Confidential – Source Code" Protected Information have been returned to the Source Code Custodian.

**9.  Inadvertent Disclosure of Designated Protected Information**.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the unauthorized disclosure shall immediately notify counsel for the Designator and shall make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the unauthorized recipient(s) thereof and securing the agreement of the unauthorized recipient(s) not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the Designator from seeking further relief from the court.

**10.  Designating Protected Information.**  No designation of documents or things shall be effective unless there is placed or affixed on such material a "Confidential," "Highly Confidential," or "Highly Confidential – Source Code" marking as required herein, except as provided for in paragraphs 8

and 11.  The designation of information or material as "Confidential" or "Highly Confidential" for purposes of this Protective Order shall be made in the following manner:

(a)  The Designator shall affix the legend "Confidential" or "Highly Confidential," as appropriate, to each page of any document containing such information at the time such documents are produced, or as soon thereafter as the Designator becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder.  All documents produced from hard copy that the Designator deems "Confidential" or "Highly Confidential" shall be so marked by the Designator in accordance with this subparagraph, even if produced in the form of electronic images.

(b)  In the case of documents produced on magnetic, optical, or other encoded media (except for images of hard copy documents), the Designator shall affix the legend "Confidential" or "Highly Confidential," as appropriate, on the outside of the storage medium (e.g., the magnetic disk enclosure or optical disk).  A Recipient desiring to make electronic copies of such media or portions thereof shall — if permitted to make such copies under the terms of this Protective Order — affix the same designation on the copy as exists on the original, produced medium.  A party desiring to make a "hard copy" of all or a portion of the contents of information or documents stored electronically — if permitted to make such copies under the terms of this Protective Order — shall place on each page of such hard copy the same designation found on the outside of the storage medium.

(c)  In the case of transcripts or recordings of depositions or other pretrial proceedings in this Action, counsel for the Designator may state on the record during such deposition or other proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or "Highly Confidential," as appropriate, or may give written notice of such designation sent to all parties within fourteen (14) days after the transcript or recording is sent to counsel by the court reporter.  If no such designation is made at the time of the testimony or other proceeding, the parties shall treat all transcripts and recordings of testimony and proceedings as "Highly Confidential" hereunder until fourteen (14) days after the transcript or recording is sent to counsel by the court reporter.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the court.  If any document or material designated as "Confidential" or "Highly Confidential" is used during the course of a deposition,

1

2   that portion of the deposition record reflecting such document or material shall be stamped with the

3   designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this

4   Protective Order.

5         (d)  In the case of pleadings, briefs, memoranda, exhibits, written discovery responses, or

6   other documents prepared in this Action for the purpose of discovery or court proceedings, counsel shall

7   affix the legend "Confidential" or "Highly Confidential," as appropriate, to each page of any document

8   containing any such Protected Information at the time such documents are served or filed, or promptly

9   after learning that the document contains Protected Information.

10        **11.  Designation With Respect to Original or Native Documents.**  In the event the Designator

11  elects to produce documents or other materials in native or original form for inspection or sampling, no

12  confidentiality designations need be made by the producing party in advance of the inspection, and the

13  inspection shall not be deemed to constitute an express or implied waiver (a) of any right to designate such

14  documents as "Protected Information" under this Order or (b) of any applicable privilege (e.g., attorney-

15  client privilege, work-product doctrine, common interest doctrine, or other applicable privilege).  All such

16  documents or other material shall be considered as marked "Highly Confidential."  After selection by the

17  inspecting party of specified documents or material for copying, the Designator shall place the appropriate

18  confidentiality designations on the copies of the selected documents or materials produced to the

19  inspecting party.

20        **12.  Inadvertent Failure to Designate.**  If a party inadvertently produces any trade secret or other

21  confidential information without designating it as Protected Information, the Recipient may disclose such

22  information to others until the Recipient is notified or becomes aware of the error, unless the Recipient

23  knows or it is obvious from the face of the document that it contains trade secret or other confidential

24  information that the producing party intended to designate as Protected Information pursuant to this

25  Protective Order.  If the producing party notifies the Recipient in writing of an inadvertent failure to

26  designate information as Protected Information, the Recipient will thereafter treat such information as if it

27  had been so designated when produced and will make a good faith effort to secure the prompt return of all

28  copies of documents containing such information that it distributed or disclosed to persons not authorized

to have access to such information under this Protective Order, as well as any copies made by such

persons.

   **13.  Challenging Confidentiality Designations.**  The propriety of a designation of Protected

Information may be challenged at any time, and the failure to promptly challenge a designation of

Protected Information shall not constitute an admission that the information constitutes or incorporates a

trade secret or other confidential information of the Designator within the scope of Fed. R. Civ. P.

26(c)(1)(G).  If a Recipient desires to challenge a designation of Protected Information, the Recipient shall

confer with the Designator, explain the basis for the challenge, and seek to resolve the issue.  If the dispute

is not thereby resolved, the Recipient may apply to the court for relief and the Designator shall bear the

burden of proving that the information was properly designated.

   **14.  Protected Information Sought by Non-Parties.**  If a Recipient is (a) subpoenaed in another

action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal

process by one not a party to this Action, seeking Protected Information that was produced in this Action,

the Recipient shall (i) object to its production to the extent permitted by law, setting forth the existence of

this Protective Order; (ii) within seven (7) business days after receipt thereof, or the earliest practicable

date thereafter, give written notice by e-mail, hand, or facsimile of such process or discovery request

together with a copy thereof, to counsel for the Designator; (iii) cooperate to the extent necessary to permit

the Designator to seek to quash such process or discovery request; and (iv) not produce or disclose such

Protected Information until the Designator consents in writing or unless in compliance with an order

specifically requiring production or disclosure by a court, U.S. or foreign government agency, or

administrative body of competent jurisdiction.  Nothing herein shall be construed as requiring any party or

other person subject to this Protective Order to challenge or appeal any order requiring production of

Protected Information or subject itself to any penalties for noncompliance with any legal process or order.

Compliance with such other legal process or order by a person or party who has otherwise complied with

the provisions of this paragraph will not be a violation of this Protective Order.

   **15.  Filing Protected Information.**  Without written permission from the Designator or a court

order secured after appropriate notice to all interested persons, a party may not file any Protected

Information in the public record in this Action.  A party that seeks to file under seal any Protected

Information must comply with Civil Local Rule 79-5.  Protected Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Information at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Recipient's request to file Protected Information under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Recipient may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2), unless otherwise instructed by the court.

**16.  Inadvertent Production of Privileged or Otherwise Protected Materials.**  Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.  Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option.  If the claim is disputed, the requesting party may comply with the provisions of Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 for the purpose of seeking judicial determination of the matter.

**17.  Use of this Protective Order by Non-Parties.**  Any non-party who produces documents and/or deposition testimony in this matter shall be provided with a copy of this Protective Order and notified of the opportunity to designate materials in accordance therewith.  Any non-party that discloses Protected Information under this Protective Order shall be entitled to the rights and obligations of a party under this Protective Order with respect to the Protected Information produced.  Non-parties may move the court to enforce the provisions of this Protective Order.  The use of this Protective Order by a non-party does not entitle that non-party to access the Protected Information produced by any other party or non-party in this action.

**18.  Disclosure to Non-Parties or Parties in Other Actions.**  To the extent that Nintendo provides Protected Information to Plaintiffs under the terms of this Protective Order, Plaintiffs shall not disclose that Protected Information to parties in any other litigation absent express written permission from

Nintendo.  This Protective Order does not confer a right to any party or non-party to access any other party's Protected Information.

**19.  No Application to Party's Own Information.**  This Protective Order has no effect upon, and shall not apply to, a party's use or disclosure of its own confidential information for any purpose.

**20.  Consent to Jurisdiction.**  All persons who have access to Protected Information under this Protective Order shall be bound by this Protective Order and shall be subject to the jurisdiction of this court for purposes of enforcing this Protective Order.

**21.  No Admission.**  Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, and/or producing or receiving Protected Information under this Protective Order, shall not:

(a)  Operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information;

(b)  Prejudice in any way the right of any party to object to the production of documents they consider not subject to discovery, whether on grounds of privilege or otherwise;

(c)  Prejudice in any way the right of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence;

(d)  Prejudice in any way the right of any party to seek a determination by the court as to whether any information or material should be subject to the terms of this Protective Order;

(e)  Prejudice in any way the right of any party to petition the court for a further protective order relating to any purportedly confidential information; or

(f)  Prevent a Designator from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**22.  Modification / Trial.**  It is the intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial proceedings in this Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by application to the court upon notice to the other parties hereto and upon a showing of good cause.  If this Action proceeds to trial,

the parties shall meet and confer on the procedures necessary to protect the confidentiality of any documents, information, and transcripts used in court during trial.

**23. Effective Before Entry.** The parties agree to be bound by the terms of this Protective Order once it is signed by all the parties hereto, pending its entry or the entry of an alternative Protective Order by the court. Any violation of the terms of this Protective Order during such pendency shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the court.

**24. Survival After Final Disposition.** Even after Final Disposition of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designator agrees otherwise in writing or a court order otherwise directs.

**25. Obligations Upon Final Disposition.** "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within 60 days after Final Disposition, each Recipient must return to the Designator or destroy all Protected Information, includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of Protected Information. Whether the Protected Material is returned or destroyed, the Recipient must submit a written certification to the Designator within 60 days after Final Disposition that (1) identifies (by category, where appropriate) all the Protected Information that was returned or destroyed and (2) affirms that the Recipient has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**26. Patent Prosecution Bar**. Absent Nintendo's written consent, any attorney, patent agent, or other person on behalf of Plaintiffs who obtains, receives, reviews, or otherwise learns, in whole or in part, Protected Information designated "Highly Confidential" or "Highly Confidential – Source Code" by

1

2    Nintendo shall not be involved, directly or indirectly, in the prosecution of patents or patent applications

3    relating to augmented reality or video game systems (excluding video poker games), including without

4    limitation the patents asserted in this Action and any patent or application claiming priority to or otherwise

5    related to the patents asserted in this Action, before any foreign or domestic agency, including the United

6    States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" includes directly or

7    indirectly drafting, amending, advising, consulting, or otherwise affecting the scope or maintenance of

8    patent claims, including, for example, original prosecution, reissue, reexamination, and post-grant review

9    proceedings.  To avoid any doubt, "prosecution," as used in this paragraph, does not include representing a

10   party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue

11   protest, *ex parte* reexamination, or *inter partes* review).  This Prosecution Bar shall begin when access to

12   "Highly Confidential" or "Highly Confidential – Source Code" information is first received by the

13   affected individual and shall end two (2) years after Final Disposition of this Action.

14

15          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

16

17   DATED: February 5, 2014                    */s/ Hao Ni*
                                                Counsel for Plaintiffs

18

19   DATED: February 5, 2014                    */s/ Antoine McNamara*
                                                Counsel for Defendant

20

21

22          PURSUANT TO STIPULATION, IT IS SO ORDERED.

23

24

25   DATED: February 12, 2014
                                                The Honorable William H. Orrick

26                                              United States District Judge

27

28

-16-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Arczar LLC et al. v. Nintendo of America Inc.*, 3:13-cv-02672-WHO.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____
                       [signature]

-17-